**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APNEA SCIENCES CORPORATION d/b/a SNORERX, | ) | |
| Plaintiff, | ) | C.A. No. |
| v. | ) | **JURY TRIAL DEMANDED** |
| SNORELUX LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**AND VIOLATIONS OF THE DMCA**

Plaintiff Apnea Sciences Corporation d/b/a SnoreRx ("ASC" or "Plaintiff") for its complaint against Defendant Snorelux LLC ("Snorelux" or "Defendant") alleges as follows:

**INTRODUCTION**

1. This is an action for copyright infringement in violation of 17 U.S.C. § 106 *et seq.*, copyright management information ("CMI") violations in violation of 17 U.S.C. § 1202 *et seq.*, and violation of Section 512(f) of the Digital Millennium Copyright Act ("DMCA").

2. ASC owns exclusive rights in United States Copyright Registration No. VA 2-420-683 ("the '683 Copyright" or the "ASC Copyright") which is attached hereto as Exhibit A. A copy of the photographic work protected by the ASC Copyright is attached hereto as Exhibit B.

3. Defendant makes and uses unauthorized reproductions of ASC's original work which is the subject of the ASC Copyright.

4. ASC seeks, among other relief, an injunction preventing Defendant from further infringements of the ASC Copyright and from further violations of the DMCA.

## THE PARTIES

5. Plaintiff ASC is a Nevada corporation with a registered agent at CT Corporation System, 701 S. Carson St. Suite 200, Carson City, Nevada 89701 and a principal place of business at 2518 Anthem Village Drive #101, Henderson, Nevada 89052.

6. Defendant Snorelux LLC is a Delaware limited liability company with a primary place of business located at 38 Enderley Avenue, Surfers Paradise, Australia 4217, and a registered agent at A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware, 19901. On information and belief, Snorelux uses the email addresses mike@snorelux.com and support@snorelux.com in connection with the business of Snorelux LLC. *See* Exhibits D, E.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the copyright infringement claims and DMCA claims under 28 U.S.C. §§ 1331, 1338 as an action arising under the laws of the United States. *See* 17 U.S.C. § 411(a).

8. This Court has personal jurisdiction over Defendant Snorelux because it is an entity organized and existing under the laws of the State of Delaware with a registered agent at A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware, 19901, and because Snorelux has consented to personal jurisdiction in the District of Delaware. *See* Exhibit E (DMCA Counter Notice).

9. Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a) because Snorelux LLC is an entity organized and existing under the laws of the State of Delaware and has a registered agent at A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware, 19901, and therefore resides in the District of Delaware. In addition, venue is proper in this Court

under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a) because Snorelux has consented to jurisdiction and venue in the District of Delaware.

## BACKGROUND

10. ASC has been in the business of medical appliances for more than 15 years and focuses on providing innovative medical products to treat and manage sleep disorders. Among the products offered by ASC is SnoreRx, a custom-fitted adjustable anti-snoring device.

11. ASC has been marketing the current version of SnoreRx since at least 2014. ASC has invested significant time and resources to become a leading provider of anti-snoring devices, which it sells through its own website, https://www.snorerx.com/.

12. SnoreRx is an intra-oral device that each user customizes to their particular bite. The product reduces or eliminates snoring by gently moving the lower jaw forward, incrementally, which pulls the user's tongue forward and opens the airway, thereby preventing snoring. One of the innovative features of SnoreRx is the ability to adjust the lower jaw placement setting gradually as opposed to having only one setting. *See* Exhibit C.

13. ASC has advertised its SnoreRx products using various graphic images, including the ones shown below:




https://www.snorerx.com/snorerx/

14. ASC has protected copyrighted materials associated with its SnoreRx products with the U.S. Copyright Office.

15. On November 1, 2024, ASC obtained a U.S. copyright registration (Registration Number: VA 2-420-683 (“the ’683 Copyright”)) to protect the image of the SnoreRx product shown below:




16. Since at least August 15, 2025, Defendant has sold infringing knock-offs of ASC SnoreRx products. *See* Exhibit D.

17. Defendant markets its product under the Snorelux brand name on at least www.snorelux.com. *See* Exhibit D.

18. Although Defendant is not authorized to use ASC’s copyrighted work, the Defendant misappropriated the copyrighted work to offer and sell counterfeit products. *See* Exhibit D.

19. One example of Defendant’s copying of ASC’s copyrighted work on Defendant’s products is shown below (attached hereto as Exhibit D) and is available at the URL: https://web.archive.org/web/20250815064010/https://snorelux.com/collections/anti-snore-solutions/products/snorelux-anti-snoring-mouthpiece.

| ASC's Copyrighted Work | Exemplary Copyright Infringement |
| --- | --- |
|   (Exhibits A, B) |   (Exhibit D) |

20. On information and belief, the Defendant maintained unlawful copies of the work protected by the ASC Copyright on its website www.snorelux.com from at least August 15, 2025, through about October 3, 2026, when such images were removed by Shopify pursuant to a DMCA Complaint filed by the Plaintiff ASC.

21. On information and belief, the Defendant knew that it did not have any rights in the work protected by the ASC Copyright when it placed those images on its product packaging and website at least as early as August 2025.

22. On information and belief, the Defendant used the ASC Copyrighted work across its website and products, since at least August 2025, in spite of its knowledge that it did not have rights in the work protected by the ASC Copyright.

23. On information and belief, the Defendant continued to use unlawful copies of the work protected by the ASC Copyright through approximately October 2026, when Defendant's infringing copies of the work protected by the ASC Copyright were removed by Shopify pursuant to a DMCA copyright complaint.

24. On information and belief, the Defendant knew it was making unlawful copies of the work protected by the ASC Copyright and knowingly added false CMI believing that such acts would enable, facilitate, and/or conceal its infringement by making its website and web pages appear more legitimate to the viewing public. On October 3, 2026, the Defendant was confronted with its infringement and made false statements regarding its authorization to use the work protected by the ASC Copyright. *See* Exhibit E.

25. On information and belief, on or about October 3, 2026, the Defendant continued its attempts to distribute unlawful copies of the work protected by the ASC Copyright through false statements in violation of the DMCA. *See* Exhibit E; *see also* 17 U.S.C. § 512(f).

26. On information and belief, knowing it was infringing Plaintiff's exclusive rights in the work protected by the ASC Copyright, the Defendant knowingly provided false CMI in connection with the photograph protected by the ASC Copyright with the intent to enable, facilitate, and/or conceal its infringement. *See* Exhibit D.




https://web.archive.org/web/20250815064010/https://snorelux.com/collections/anti-snore-solutions/products/snorelux-anti-snoring-mouthpiece

27. The Defendant's nefarious intent is further evidenced by the nature of its infringement, Defendant's blatant attempt to pass off Plaintiff's copyright-protected images as its own by placing false watermarks and other forms of CMI directly on the infringing product packaging, and elsewhere on Defendant's website and advertising, and the Defendant's pattern of willful intellectual property theft, false advertising, and other unfair trade practices. *See* Exhibit E.

28. Defendant's CMI violations are knowing, intentional, and willful. The Defendant's CMI violations were not accidental or innocent and the Defendant's misconduct as alleged herein has caused injury to Plaintiff.

29. Defendant is actively seeking—as of the filing of this lawsuit—to maintain its unlawful copies of the work protected by the ASC Copyright on www.snorelux.com through false statements made in violation of the DMCA. *See* Exhibit E; *see also* 17 U.S.C. § 512(f).

**COUNT I – INFRINGEMENT OF U.S. COPYRIGHT NO. VA 2-420-683**
***(against Snorelux LLC)***

30. ASC incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

31. On November 1, 2024, ASC obtained U.S. Copyright Registration No. VA 2-420-683 ("the '683 Copyright") to protect an image of ASC's SnoreRx product. *See* Exhibits A, B.

32. ASC owns the '683 Copyright. *See* Exhibit A.

33. Defendant made and used unauthorized reproductions of ASC's original work, which is the subject of the '683 Copyright.

34. Defendant produced, reproduced, and/or prepared reproductions of ASC's protected work without ASC's consent. Defendant's acts violate ASC's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and

distribute copies of its work, to create derivative works, and to publicly display its work. *See* Exhibit D.

35. Defendant's infringement has been undertaken willfully with the intent to financially gain from ASC's copyrighted work. *See* Exhibit D.

36. When confronted with its infringement, on or about October 3, 2026, the Defendant falsely stated that its use of ASC's copyrighted work was authorized and swore, under penalty of perjury, that it possessed "a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed." *See* Exhibit E.

37. Defendant's statements were false. Defendant has willfully infringed ASC's copyrighted work and made false statements about that infringement under penalty of perjury. *See* Exhibit E.

38. Because of Defendant's infringing acts, ASC is entitled to its actual damages and disgorgement of Defendant's profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

39. Because of Defendant's infringing acts, ASC is entitled to statutory damages under the Copyright Act and to increased damages because of the Defendant's willful copyright infringement.

40. Defendant's infringement has caused and continues to cause irreparable harm to ASC, for which it has no adequate remedy at law.

41. Unless this Court restrains Defendant from infringing ASC's protected work, the harm will continue to occur in the future. Accordingly, ASC is entitled to an injunction against future infringement.

**<u>COUNT II – INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION</u>**
***(against Snorelux LLC)***

42. ASC incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

43. ASC owns the ’683 Copyright. *See* Exhibit A.

44. In violation of 17 U.S.C. § 1202(a)(1), Defendant knowingly and with the intent to induce, facilitate, and/or conceal infringement provides false CMI in connection with each of its infringing copies of the work protected by the ASC Copyright, including false brand names and false attribution of the work to the Defendant through false application of Defendant’s name, logos, identifying information, and copyright notices. *See*, *e.g.*, Exhibit D.




https://web.archive.org/web/20250815064010/https://snorelux.com/collections/anti-snore-solutions/products/snorelux-anti-snoring-mouthpiece

45. Defendant knew that it did not have any lawful rights in the ASC Copyright and yet used ASC’s copyrighted work across its website and other locations.

46. Knowing that Defendant was infringing Plaintiff’s exclusive rights in the ASC Copyright, Defendant knowingly provided false CMI in connection with the photograph with the

intent to enable, facilitate, and/or conceal the infringement, by placing its own labels in connection with the work protected by the ASC Copyright. *See Lixenberg v. Complex Media, Inc.*, 808 F. Supp. 3d 625, 642 (S.D.N.Y. 2025) (holding that media company's logo and byline placed near a copyrighted photograph, after removal of the photographer's attribution, plausibly stated a claim for false CMI under § 1202(a).)

47. When confronted with its infringement, on or about October 3, 2026, the Defendant falsely stated that its use of ASC's copyrighted work was authorized and swore, under penalty of perjury, that it possessed "a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed." *See* Exhibit E. Those sworn statements were false.

48. Defendant's infringement was undertaken willfully with the intent to financially gain from ASC's copyrighted work. *See* Exhibit D. When confronted with its infringement, on or about October 3, 2026, the Defendant made false statements. *See* Exhibit E.

49. Because of Defendant's violations of 17 U.S.C. § 1202, Plaintiff is entitled to its actual damages and Defendant's profits under 17 U.S.C. § 1203(c)(2), in an amount to be proved at trial, or statutory damages under 17 U.S.C. § 1203(c)(3), together with all other relief allowed under the Copyright Act.

50. Defendant's unlawful acts have caused and continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

51. Unless this Court restrains Defendant from providing false CMI in connection with infringing copies of the ASC Copyright, the harm will continue to occur in the future.

**COUNT III – FALSE STATEMENTS IN VIOLATION OF DMCA**
***(against Snorelux LLC)***

52. ASC incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

53. On November 1, 2024, ASC obtained U.S. Copyright Registration No. VA 2-420-683 ("the '683 Copyright") to protect an image of ASC's SnoreRx product. *See* Exhibits A, B.

54. ASC owns the '683 Copyright. *See* Exhibit A.

55. Defendant made and used unauthorized reproductions of ASC's original work, which is the subject of the '683 Copyright. *See* Exhibit D.

56. Defendant produced, reproduced, and/or prepared reproductions of ASC's protected work without ASC's consent. Defendant's acts violate ASC's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

57. Defendant's infringement has been undertaken willfully with the intent to financially gain from ASC's copyrighted work. *See* Exhibit D.

58. When confronted with its infringement, on or about October 3, 2026, the Defendant falsely stated that its use of ASC's copyrighted work was authorized and swore, under penalty of perjury, that it possessed "a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed." *See* Exhibit E.

59. Defendant's statements were false. Defendant willfully infringed ASC's copyrighted work and made false statements about that infringement under penalty of perjury. *See* Exhibit E (Defendant's DMCA Counter-Notice).

60. The Defendant did not have "a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed," *see* Exhibit E, because the Defendant made illegal copies of the work protected by the ASC Copyright.

61. Defendant's false statements in the DMCA Counter-Notice regarding its alleged rights in the ASC Copyright constitute knowing and false statements in violation of 17 U.S.C. § 512(f). *See Powerwand Inc. v. Hefai Neniang Trading Co.*, Case No. 2:22-cv-01413-JHC, 2023 WL 4201748, *7 (W.D. Wash. June 27, 2023) (holding that defendants violated § 512(f) by submitting false counter-notifications to Amazon); *Cordova v. Huneault*, 817 F. Supp. 3d 819, 828-31 (N.D. Cal. 2026) (confirming that § 512(f) "applies when an accused infringer knowingly misrepresents in a counter-notice that the accused material was removed or disabled by mistake or misidentification"); *Exec. Lens LLC v. Rapkin*, 824 F. Supp. 3d 965, 970 (N.D. Cal. 2026) (same); *see also Tee Turtle, LLC v. Swartz*, Case No. 2:21-cv-01771, 2021 WL 2349389, at *1-2 (S.D. Ohio June 9, 2021) (same).

62. Because of Defendant's false and misleading statements in violation of 17 U.S.C. 512(f), ASC is entitled to "any damages, including costs and attorneys' fees, incurred by the . . . copyright owner . . . injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in . . . replacing the removed material or ceasing to disable access to it." *See* 17 U.S.C. § 512(f)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, ASC respectfully requests that the Court provide the following relief in favor of ASC and against Defendant as follows:

1. A judgment in favor of ASC that Defendant has infringed the ASC Copyright;

2. A judgment in favor of ASC that ASC is entitled to its actual damages and disgorgement of Defendant's profits attributable to the infringement of the ASC Copyright, in an amount to be proved at trial;

3. A judgment in favor of ASC that ASC is entitled to elect statutory damages under the Copyright Act, in an amount to be determined;

4. An order and judgment enjoining Defendant and Defendant's officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors, and any and all persons acting in privity or in concert with any of them, from further infringing the registered ASC Copyright;

5. A judgment in favor of Plaintiff that Defendant provided false CMI in violation of 17 U.S.C. § 1202;

6. A judgment in favor of Plaintiff that Plaintiff is entitled to its actual damages and Defendant's profits under 17 U.S.C. § 1203(c)(2), in an amount to be proved at trial, or statutory damages under 17 U.S.C. § 1203(c)(3);

7. A judgment in favor of Plaintiff that Plaintiff is entitled to an award of Plaintiff's reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

8. An order and judgment enjoining Defendant and Defendant's officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further violating 17 U.S.C. § 1202;

9. A judgment in favor of Plaintiff that Plaintiff is entitled to an award of Plaintiff's reasonable attorneys' fees pursuant to 17 U.S.C. § 512(f);

10. An award of costs pursuant to Fed. R. Civ. P. 54(d)(1) and/or 28 U.S.C. § 1920;

11. Any such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable to a jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff Apnea Sciences Corporation*

OF COUNSEL:

Brian N. Platt
WORKMAN NYDEGGER
60 East South Temple
Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800

Dated: October 15, 2026
13193113 / 24718.00002